IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEONARDO MARROQUIN, ) | | |
| ID # 81568-079, ) | | |
|     Movant, ) | No. 3:08-CV-0489-G (BH) | |
| vs. ) | No. 3:05-CR-0264-G (16) | |
| ) | ECF | |
| UNITED STATES OF AMERICA, ) | Referred to U.S. Magistrate Judge | |
|     Respondent. ) | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I. BACKGROUND

**A. Nature of the Case**

Movant, a current inmate in the federal prison system, brings this Motion to Vacate, Set Aside, or Correct Sentence pursuant to the provisions of 28 U.S.C. § 2255 to challenge his federal conviction and sentence in Cause No. 3:05-CR-0264-G. The respondent is the United States of America (Government).

**B. Factual and Procedural History**

On November 16, 2005, the Government indicted movant for conspiracy to distribute various controlled substances (Count 1) and possession with intent to distribute a controlled substance (Count 8). (*See* Superseding Indictment, doc. 145.)[1] In December 2005, he entered into an agreement to plead guilty to conspiracy to distribute fifty grams or more of methamphetamine. (*See* Plea

---

[1] Unless otherwise stated, all document numbers refer to the docket number assigned to the pleading in the underlying criminal action.

Agreement, doc. 188.) As part of the agreement, movant waived his right to appeal his conviction and sentence and his right to contest his conviction and sentence in any collateral proceeding on any ground, including claims of ineffective assistance of counsel. (*Id.* at 5.) However, he specifically reserved the rights "(a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, (ii) an upward departure from the guideline range deemed applicable by the district court, or (iii) an arithmetic error at sentencing, and (b) to challenge the voluntariness of his plea of guilty or this waiver." (*Id.*)

On May 24, 2006, the Court entered judgment upon movant's guilty plea and sentenced him to 188 months imprisonment. (*See* Judgment, doc. 358.) On June 20, 2007, the Fifth Circuit Court of Appeals dismissed movant's appeal as frivolous without discussing any particular issue raised. *United States v. Marroquin*, 233 Fed. App'x 394, 394 (5th Cir. 2007) (per curiam).

Movant filed the instant pro se motion to vacate pursuant to 28 U.S.C. § 2255 in March 2008 alleging that (1) a governmental breach of his plea agreement rendered his plea and accompanying waivers involuntary; (2) governmental misconduct affected his sentence; and (3) his sentence was improperly enhanced pursuant to USSG § 2D1.1(b)(1). (*See* Mot. at 5-8.) In its response in opposition, the Government argues that movant voluntarily entered his plea and waiver and has shown no breach of the agreement or governmental misconduct. (*See* Resp. Opp'n at 2-5 [hereinafter Resp.].) It relies on court documents from *United States v. One 2002 Mercury Grand Marquis*, No. 3:06-CV-0446-BD to support its position. (*See* App. Resp. Opp'n at 1-8 [hereinafter App.].) The Government further argues that movant waived the right to assert the last claim by his voluntary plea and waiver, and that the claim is not cognizable on collateral review in any event. (Resp. at 5-6.)

2

In early July 2009, movant filed a reply in which he asserts that his plea and waiver are void because (1) the Government acted in bad faith when it provided false and misleading information at sentencing, and (2) the Court sentenced him above the statutory maximum sentence as interpreted by *Edwards v. United States* 523 U.S. 511 (1998). (Movant's Reply Mem. at 2, 6 [hereinafter Reply].) He later claims that when the Court announced his 188 month sentence, his attorney should have informed the Court that *Edwards* dictates a maximum sentence of five years under the facts of this case. (*Id.* at 7.) He submits that the Court may "consider his claims of ineffective assistance of counsel" because the waivers are void. (*Id.* at 2.)

On October 2, 2008, the Court received a motion to supplement the original motion with authorities citing *Strickland v. Washington*, 466 U.S. 668 (1984). (*See* Mot. Supp. at 1.) On October 16, 2008, the Court granted movant thirty days to "file a supplemental reply brief to clarify the claims already raised in this action." (Order Granting Leave to Supplement.) On November 12, 2008, the Court received a supplemental reply brief wherein movant asserts that his attorney failed to effectively represent him, thus rendering his plea involuntary and resulting in a more harsh sentence. (*See* Resp. to Gov.'s Answer at 1[hereinafter Supp. Reply].) The supplemental reply exceeds the limited leave to supplement granted by the Court by raising claims of ineffective assistance of counsel and court error not previously asserted. (*See id.* at 1-7. )[2]

---

[2] Movant claims that his attorney (1) failed to explain that even though the Government had agreed to request a sentence at the low end of the guideline range, the Court could subject him to a harsher sentence by enhancing the guideline range based upon the quantity of drugs involved; (2) allowed movant to plead guilty without an understanding of that enhancement; (3) failed to conduct a reasonable investigation as to the proper calculation of drugs that the Court would use in sentencing him; (4) failed to confirm the sentencing calculation before movant signed the plea agreement and appeared for sentencing; (5) failed to prepare for sentencing thus causing movant to be sentenced under the wrong guideline; and (6) failed to prevent the Court from using the gun or seized cash to enhance his sentencing range. (Supp. Reply at 1-5.) Movant also asserts that the Court erred in its sentencing calculations. (*Id.* at 4-6.)

3

## II.  GOVERNMENT MISCONDUCT

In Claims 1 and 2 raised in his original motion, movant contends that governmental misconduct invalidated his plea and waivers and affected his sentence. (Mot. at 5-8.) He specifically claims that the Government breached the plea agreement by providing false information for sentencing, i.e., that (1) $15,130.00 seized from his residence constitutes drug proceeds; (2) movant was party to an August 26, 2005 drug transaction; and (3) a gun was found near the drug proceeds. (*Id.*; Reply at 2.) He contends that providing this false information violated a covenant of good faith and fair dealing which is implicit in all contracts .[3]  (Reply at 4.)

Movant does not argue that the Government breached a specific promise within the plea agreement.[4] He has presented nothing to support his allegation that the government submitted false information to the probation officer. As recognized in an addendum to the Presentence Report, a co-defendant originally provided information to support finding movant participated in the August 26, 2005 drug transaction. (Second Addendum to Presentence Report (Obj'n to ¶ 43).) Although the probation officer recognized that the co-defendant had signed a contrary declaration submitted to him by movant's family, the officer found the declaration to be of questionable reliability, and relied on a contemporaneous video which showed that movant was present at the relevant drug transaction even though the video did not show movant handing drugs to his co-defendant. (*Id.*) The Court finds no misinformation regarding the August 26, 2005 transaction.

---

[3] Within movant's claim that the Government provided misinformation lies the related claim that the Government violated *Brady v. Maryland*, 373 U.S. 83 (1963) by withholding information which would show the falsity of such information. (*See* Mot. at 7.)

[4] A plea may be rendered involuntary due to an unfulfilled promise. *See United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997). "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262 (1971).

The Court also finds no misinformation regarding the $15,130.00 being characterized as drug proceeds. Nothing in the forfeiture agreements suggest that the Government returned the disputed funds to movant because they were not drug proceeds. (*See* App. at 1-8.) To the contrary, the forfeiture documents reflect a compromise between movant and the Government whereby movant would keep the $15,130.00 but forfeit a "2002 Mercury Grand Marquis". (*See id.* 1-3 (Stipulation of Forfeiture); 4-6 (Pl.'s Agreed Mot. for Final J. of Forfeiture); 7-8 (Agreed Final J. of Forfeiture).) Movant's reliance on the forfeiture documents to show a breach of his plea agreement is misplaced. Additionally, the fact that the Government returned the disputed funds to movant does not preclude consideration of the firearm found near the funds.

For all of these reasons, the Court finds no Governmental misconduct which affected sentencing or the validity of movant's plea and related waivers. Claims 1 and 2 of the original motion entitle movant to no relief in this action filed pursuant to 28 U.S.C. § 2255.[5]

### III. MISAPPLICATION OF SENTENCING GUIDELINES

In the third claim raised in the original motion, movant asserts that his sentence was improperly enhanced pursuant to USSG § 2D1.1(b)(1) because the two-level enhancement was based solely on misinformation that the firearm was found near drug proceeds. (Mot. at 8.)

It is well established that the technical application of the sentencing guidelines is not subject to collateral review in a § 2255 motion. *E.g., United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). "Section 2255 motions may raise only constitutional errors and other injuries that could not

---

[5] Because collateral challenges are not a substitute for an appeal, the courts generally do not consider on collateral review claims of prosecutorial misconduct which affected sentencing unless the movant overcomes his procedural default. *See United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)). In this instance, movant's Claim 2 was intertwined with his first claim. Moreover, the Government considered Claims 1 and 2 together and did not argue that Claim 2 was procedurally barred.

5

have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed. Misapplications of the Sentencing Guidelines fall into neither category and hence are not cognizable in § 2255 motions." *Id.* Accordingly, movant's claim regarding the trial court's misapplication of the guidelines is not cognizable under § 2255 and thus entitles movant to no relief.

Furthermore, movant voluntarily pled guilty and waived his right to collaterally attack his conviction except for challenging the voluntariness of his plea. (*See* Plea Agreement at 5.) Generally, "an informed and voluntary waiver of post-conviction relief is effective to bar such relief." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (per curiam), *accord United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002). The voluntary waiver in this case bars movant's third claim.

Moreover, the Court has already found no misinformation related to whether the $15,130.00 was properly considered as drug proceeds. The alleged misinformation provides no basis for finding that the Court misapplied USSG § 2D1.1(b)(1). That provision provides for a two-level increase in offense level "[i]f a dangerous weapon (including a firearm) was possessed." Application Note 3 of § 2D1.1 indicates that enhancement should be applied "unless it is clearly improbable that the weapon was connected with the offense." Movant has provided nothing to show that the Court improperly enhanced his sentence pursuant o § 2D1.1.

## IV. NEW CLAIMS

In his reply brief and supplement thereto, movant raises claims that he had not previously asserted in this action. In his original reply, he claims that the Court sentenced him above the statutory maximum sentence and that his attorney rendered ineffective assistance by not informing the Court that his sentence violates *Edwards v. United States* 523 U.S. 511 (1998). (Reply at 2, 6-7.) In his supplemental reply, movant alleges that the Court erred when it attributed to him "a drug

equivalent of the cash seized from [his] home, when no evidence" connects the cash to a drug transaction. (Supp. Reply at 4.) He also alleges that his attorney failed to effectively represent him thus rendering his plea involuntary[6] and prejudicing him at sentencing. (*See id.* at 1-7.)

Rule 2(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires that motions filed pursuant to 28 U.S.C. § 2255 "specify all the grounds for relief available to the moving party." Claims raised for the first time in a reply brief need not be considered by the Court. *See United States v. Barrett*, 178 F.3d 34, 57 (1st Cir. 1999) ("Informal reference to a new claim in a reply brief will not suffice to raise a claim if the district court does not address that claim in its order."). "A reply brief is intended only to provide an opportunity to respond to the arguments raised in the response brief and is not ordinarily a forum to raise new issues." *United States v. Keyes*, Nos. 07-3453, 03-487-03, 2008 WL 2736392, at *3 n.3 (E.D. Pa. July 11, 2008). Of course, movants may amend their § 2255 motions in accordance with Fed. R. Civ. P. 15. *See United States v. Saenz*, 282 F.3d 354, 355-56 (5th Cir. 2002).

In this case, after the Government filed its response to the motion to vacate, movant could properly amend his motion only by written consent of the Government or by obtaining leave of court. *See* Fed. R. Civ. P. 15(a). Nothing indicates that movant obtained consent from the Government. Furthermore, although movant sought and obtained leave of court to supplement his § 2255 motion to clarify his existing claims, he did not seek leave to raise the new claims asserted in his supplemental reply. For this reason alone, the Court may decline to consider the claims asserted for the first time in movant's reply and supplemental reply. By presenting the claims for the first time in his reply or supplemental reply, movant has waived the claims. See, e.g., *Thompson v.*

---

[6] Although movant continues to argue that his plea was involuntary, he states that he "requests only that the Court correct his sentence – he has never asked that the Court vacate his plea." (Supp. Reply at 6.)

*United States*, Nos. 2:06-CR-50, 2:07-CV-198, 2008 WL 2990963, at *4 (N.D. Ind. July 31, 2008); *O'Neill v. United States*, No. 04-CV-461, 2008 WL 375265, at *1 (E.D. Wis. Feb. 11, 2008); *United States v. Arzate*, Nos. 03-40026-01-SAC, 05-3482-SAC, 2006 WL 3437540, at *3 (D. Kan. Nov. 28, 2006).

Notwithstanding movant's waiver of his new claims, these claims would entitle him to no relief even if considered. Movant premises the claim that his sentence exceeds the statutory maximum on an erroneous interpretation of *Edwards v. United States* 523 U.S. 511 (1998). Under Fifth Circuit interpretation of *Edwards*, the claim fails because there is no evidence that movant's involvement in the charged conspiracy was solely limited to the distribution of marijuana. *See United States v. Green*, 180 F.3d 216, 226-27 (5th Cir. 1999) (involving conspiracy to distribute cocaine and preludes); *United States v. Hernandez*, 260 F.3d 621 (5th Cir. 2001) (Table; text on Westlaw) (involving conspiracy to distribute marijuana and harsher drugs). In fact, movant specifically pled guilty to conspiring to distribute fifty grams or more of methamphetamine. (*See* Plea Agreement at 1-2.) The maximum sentence for movant's offense is life imprisonment, *see* 21 U.S.C. § 841(b)(1)(A)(viii), which exceeds movant's 188-month sentence. Counsel did not render ineffective assistance by failing to argue a five-year maximum sentence. *See Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995) ("Counsel cannot be deficient for failing to press a frivolous point.").

The new claims raised in the supplemental reply fail for a variety of reasons. The claimed error by the Court is not cognizable in this § 2255 action. The claims of ineffective assistance of counsel fail under *Strickland*. In light of the plea agreement and admonitions given by the Court at rearraignment, the alleged ineffective assistance did not render movant's plea involuntary. Furthermore, no alleged deficiency of counsel at sentencing prejudiced movant. Additionally, unless

the Court finds the new claims relate back to the date movant filed his original motion to vacate, the claims are untimely because movant filed his supplemental reply more than one year after his conviction became final and provides no basis for commencing the limitations period on a later date, *see* 28 U.S.C. § 2255(f), or equitably tolling such period, *see United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (recognizing the § 2255 limitations period may be equitably tolled). In light of the other reasons that the claims fail, the Court need not specifically consider which claims relate back.

## V. EVIDENTIARY HEARING

Upon review of the motion to vacate and the files and records of this case, an evidentiary hearing appears unnecessary. No evidentiary hearing is required, when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. In this instance, the matters reviewed by the Court conclusively show that movant is entitled to no relief.

## VI. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** the Motion to Vacate, Set Aside, or Correct Sentence brought pursuant to 28 U.S.C. § 2255 with prejudice.

**SIGNED this 18th day of December, 2008.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE